# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1.  SEE NOTICE ON REVERSE**         **2.  PLEASE TYPE OR PRINT**         **3.  STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? ☐ Yes   ☐ No |

| **Attorney(s) for Appellant(s):** ☐ Plaintiff ☐ Defendant | Counsel's Name:        Address:        Telephone No.:        Fax No.:        E-mail: |
|---|---|
| **Attorney(s) for Appellee(s):** ☐ Plaintiff ☐ Defendant | Counsel's Name:        Address:        Telephone No.:        Fax No.:        E-mail: |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?   ☐ Yes   ☐ No  If Yes, provide the following:  Case Name:  2d Cir. Docket No.:        Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION;  (2) THE RESULT BELOW;  (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐  U.S. a party          ☐  Diversity | ☐  Final Decision          ☐  Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐  Federal question (U.S. not a party)          ☐  Other (specify): _____ | ☐  Interlocutory Decision Appealable As of Right          ☐  Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C**  (Rev. October  2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ☐ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br> lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br> failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br> frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br> other dismissal<br><br>☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☐ Damages:<br><br>___ Sought: $ _____<br>___ Granted: $ _____<br>___ Denied: $ _____<br><br>☐ Injunctions:<br><br>☐ Preliminary<br>☐ Permanent<br>☐ Denied |

**PART C: NATURE OF SUIT** (Check as many as apply)

| 1. Federal Statutes | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|
| ☐ Antitrust ☐ Communications ☐ Freedom of Information Act<br>☐ Bankruptcy ☐ Consumer Protection ☐ Immigration<br>☐ Banks/Banking ☐ Copyright / Patent ☐ Labor<br>☐ Civil Rights ☐ Trademark ☐ OSHA<br>☐ Commerce ☐ Election ☐ Securities<br>☐ Energy ☐ Soc. Security ☐ Tax<br>☐ Commodities ☐ Environmental<br>☐ Other (specify): _____ | ☐ Admiralty/<br> Maritime<br>☐ Assault /<br> Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br> Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br> Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes  ☐ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes  ☐ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)    Arises from substantially the same case or controversy as this appeal?    ☐ Yes    ☐ No

    (B)    Involves an issue that is substantially similar or related to an issue in this appeal?    ☐ Yes    ☐ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |
| Date: | Signature of Counsel of Record: | | |

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

      **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

# Addendum "A"

## *Description of the Case*

This action is centered on the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1400, *et seq*., and violations by the Department of Education ("DOE, "Defendants") as it pertains to Student J.L. This is an appeal from the District Court's Denial of a Motion for Summary Judgment under the IDEA and Fed. R. Civ. P. 56. Plaintiff sought relief below pursuant to 20 U.S.C. §1400, *et seq*., against Defendants for failure to fund, in full, J.L.'s program/placement at the International Academy for the Brain ("iBRAIN") for the 2023-2024 extended school year ("ESY") during the pendency of her Due Process Proceedings under 20 U.S.C. §1415(j).

On October 18, 2022, Plaintiff filed a Due Process Complaint ("DPC") with DOE, alleging, *inter alia*, that DOE did not offer or provide J.L. with a free appropriate public education ("FAPE") for the 2020-21, 2021-22, and 2022-23 ESYs and sought relief in the form of funding for program/placement at iBRAIN under the IDEA. 20 U.S.C. §1415(f) and 8 N.Y.C.R.R. § 200.5(i). On March 3, 2023, IHO Impartial Hearing Officer ("IHO") Dustin Johnson ("IHO Johnson") issued a decision that declared DOE denied J.L. with a FAPE for the 2020-21, 2021-22, and 2022-23 ESYs; that iBRAIN was an appropriate unilateral placement for J.L. for the portion of the 2021-22 SY he attended iBRAIN, and the full 2022-2023. IHO Johnson found that equitable considerations did not support tuition reimbursement for the 2021-22, and 2022-23 ESYs. IHO Johnson further held that J.L. was entitled to related services to be reimbursed to iBRAIN for the 2022-23 ESYs.

Plaintiff appealed IHO Johnson's decision to the New York State Education Department's Office of State Review. On July 14, 2023, State Review Officer ("SRO") Justyn P. Bates issued an SRO decision affirming that iBRAIN was an appropriate unilateral placement for J.L. for the 2022-23 ESY and that Plaintiff is entitled to full funding of the costs of the student's tuition and related

services, including transportation, at iBRAIN. On July 24, 2023, Plaintiff filed an Initial Complaint in the Southern District of New York, which became Case No. 23-cv-06404. On October 31, 2023, Plaintiff amended her Complaint, requesting, *inter alia*, a reversal of SRO Decision No. 23-081; an Order for Defendants to directly fund the costs of related services for the 20-21 and 21-22 ESYs; and declare J.L. is entitled to an order declaring his Pendency Placement/Program to be at iBRAIN during the 23-24 ESY, which includes funding tuition at iBRAIN, and all related services, during the 23-24 ESY, until such time the underlying administrative matter is fully adjudicated. On January 1, 2024, Judge Valerie E. Caproni approved the Parties proposed Summary Judgment briefing schedule. On March 4, 2024, Plaintiff filed her Motion for Summary Judgment [ECF No. 40], and Defendants filed their Cross-Motion for Summary Judgment on April 1, 2024. [ECF No. 43].

### *Result*

On July 31, 2024, Judge Valerie E. Caproni issued an Order denying the Plaintiff's Motion for Summary Judgment. Defendants' Cross-Motion for Summary Judgment was granted.

The District Court erred in denying the Plaintiff's Motion for Summary Judgment.

### *Attached Documents*

Attached hereto are copies of (1) the Notice of Appeal; (2) a current copy of the District Court Docket sheet; (3) the District Court's July 31, 2024, written Order denying Plaintiff's Motion for Summary Judgment; (4) the Clerk's July 31, 2024, written Judgment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**JENNIE LANDSMAN**, as Parent and Natural
Guardian of **J.L.,** and **JENNIE LANDSMAN**,
Individually,

                                        Plaintiff,

                                                                    **23-cv-06404 (VEC)**

-against-

**DAVID C. BANKS**, in his official capacity as
Chancellor of the New York City Department of
Education, and the **NEW YORK CITY
DEPARTMENT OF EDUCATION**,

                                        Defendants.
-----------------------------------------------------------------X

## NOTICE OF APPEAL

### TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

    Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given that Plaintiff Jennie

Landsman, as Parent and Natural Guardian of J.L., and Individually, appeals to the United States

Court of Appeals for the Second Circuit.

    The above-named party appeals from the Order of the Hon. Valerie E. Caproni, U.S.D.J.,

dated July 31, 2024 [ECF No. 49], which Order, among other things, denied the Plaintiff's Motion

for Summary Judgment and granted Defendants' Cross-Motion for Summary Judgment.

Additionally, the above-named party appeals from the Final Judgment, dated July 31, 2024. [ECF

No. 50].

Dated: August 28, 2024
        New York, New York

                                                    _/S/_
                                                    Rory J. Bellantoni, Esq. (RB2901)
                                                    300 East 95th Street-Suite 130
                                                    New York, New York
                                                    rory@pabilaw.org
                                                    (646) 850-5035

1

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:23–cv–06404–VEC

Landsman et al v. Banks et al
Assigned to: Judge Valerie E. Caproni
Cause: 20:1400 IDEA: Individuals With Disabilities Education Act (short title)

Date Filed: 07/24/2023
Date Terminated: 07/31/2024
Jury Demand: None
Nature of Suit: 448 Civil Rights: Education
Jurisdiction: Federal Question

**Plaintiff**

**Jennie Landsman**
*as Parent and Natural Guardian of J.L.*

represented by **Ataur Raquib**
Brain Injury Rights Group, Ltd.
300 East 95th Street
Suite #130
New York, NY 10128
646–850–5035
Email: ataur@pabilaw.org
*ATTORNEY TO BE NOTICED*

**Rory J. Bellantoni**
Brain Injury Rights Group
300 E. 95th Street
Suite 130
New York, NY 10128
646–850–5035
Fax: 212–504–9532
Email: rory@pabilaw.org
*ATTORNEY TO BE NOTICED*

**Peter Glenn Albert**
Brain Injury Rights Group, Ltd.
300 East 95th Street
Ste 130
New York, NY 10128
646–850–5035
Fax: 212–504–9532
Email: peter@pabilaw.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jennie Landsman**
*Individually*

represented by **Ataur Raquib**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rory J. Bellantoni**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Glenn Albert**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**David C. Banks**
*in his official capacity as Chancellor of the New York City Department of Education*

represented by **Thomas Lindeman**
New York City Law Dept
General Litigation
100 Church St

2–128
New York, NY 10007
212–356–0418
Email: tlindema@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**New York City Department of
Education**

represented by **Lauren Michelle Howland**
New York Law Department
General Litigation
100 Church Street
2nd Floor
New York, NY 10007
332–323–7633
Email: lhowland@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Lindeman**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/24/2023 | 1 | COMPLAINT against David C. Banks, New York City Department of Education. (Filing Fee $ 402.00, Receipt Number ANYSDC–28046253)Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually). (Attachments: # 1 Exhibit FOFD IHO Case No. 240892, # 2 Errata SRO Decision No. 23–081).(Albert, Peter) (Entered: 07/24/2023) |
| 07/24/2023 | 2 | **FILING ERROR – PDF ERROR** CIVIL COVER SHEET filed..(Albert, Peter) Modified on 7/25/2023 (gp). (Entered: 07/24/2023) |
| 07/24/2023 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to David C. Banks, New York City Department of Education, re: 1 Complaint,. Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually)..(Albert, Peter) (Entered: 07/24/2023) |
| 07/25/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Peter Glenn Albert to RE–FILE Document No. 1 Complaint,. The filing is deficient for the following reason(s): the PDF for the civil cover sheet is not viewable. Re–file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. Use civil cover sheet issued by S.D.N.Y. dated October 1, 2020. The S.D.N.Y. Civil Cover Sheet dated October 1, 2020 is located at http://nysd.uscourts.gov/file/forms/civil–cover–sheet.. (gp)** (Entered: 07/25/2023) |
| 07/25/2023 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge Paul A. Crotty. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district–judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf–related–instructions..(gp) (Entered: 07/25/2023) |
| 07/25/2023 | | Magistrate Judge Barbara C. Moses is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018–06/AO–3.pdf. (gp) (Entered: 07/25/2023) |
| 07/25/2023 | | Case Designated ECF. (gp) (Entered: 07/25/2023) |

| | | |
|---|---|---|
| 07/25/2023 | 4 | ELECTRONIC SUMMONS ISSUED as to David C. Banks, New York City Department of Education..(gp) (Entered: 07/25/2023) |
| 07/25/2023 | 5 | ACKNOWLEDGMENT OF SERVICE Summons and Complaint, served. David C. Banks served on 7/25/2023, answer due 8/15/2023; New York City Department of Education served on 7/25/2023, answer due 8/15/2023. Service was accepted by New York City Law Department. Service was made by email. Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor); Jennie Landsman(Individually)..(Albert, Peter) (Entered: 07/25/2023) |
| 07/26/2023 | 6 | CIVIL COVER SHEET filed..(Albert, Peter) (Entered: 07/26/2023) |
| 07/26/2023 | 7 | PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually). Related Document Number: 1 ..(Albert, Peter) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 07/26/2023) |
| 07/26/2023 | 8 | DECLARATION of Peter G. Albert in Support re: 7 Proposed Order to Show Cause With Emergency Relief,. Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually). (Attachments: # 1 Exhibit Enrollment Agreement, # 2 Exhibit Transportation Agreement, # 3 Exhibit Nursing Services Agreement).(Albert, Peter) (Entered: 07/26/2023) |
| 07/26/2023 | 9 | MEMORANDUM OF LAW in Support re: 7 Proposed Order to Show Cause With Emergency Relief, . Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually)..(Albert, Peter) (Entered: 07/26/2023) |
| 07/27/2023 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document No. 7 Proposed Order to Show Cause With Emergency Relief was reviewed and approved as to form. (km)** (Entered: 07/27/2023) |
| 07/27/2023 | 10 | NOTICE OF APPEARANCE by Thomas Lindeman on behalf of David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 07/27/2023) |
| 07/27/2023 | 11 | NOTICE OF APPEARANCE by Lauren Michelle Howland on behalf of New York City Department of Education..(Howland, Lauren) (Entered: 07/27/2023) |
| 07/27/2023 | 12 | LETTER addressed to Judge Paul A. Crotty dated July 27, 2023 re: Plaintiffs' Proposed Order to Show Cause (ECF Nos. 7–9). Document filed by David C. Banks, New York City Department of Education. (Attachments: # 1 Exhibit July 18, 2023 Letter re: Recent BIRG Actions in S.D.N.Y. and E.D.N.Y.).(Howland, Lauren) (Entered: 07/27/2023) |
| 07/27/2023 | 13 | LETTER addressed to Judge Paul A. Crotty from Peter G. Albert dated 7/27/23 re: Response to Defendants' Letter. Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually). (Attachments: # 1 Exhibit Plaintiffs' Response Letter).(Albert, Peter) (Entered: 07/27/2023) |
| 07/28/2023 | | Minute Entry for proceedings held before Judge Paul A. Crotty: Show Cause Hearing held on 7/28/2023. REMARK: Counsel for both sides appeared. The Court heard argument on Plaintiff's request for a pendency order and denied the OTSC. A status conference is scheduled for September 12, 2023 at 2:45PM. An order will follow this entry. See transcript for details. (Court Reporter Amy Walker) (dgo) (Entered: 07/28/2023) |
| 07/31/2023 | 14 | ORDER re: 1 Complaint, filed by Jennie Landsman. For the foregoing reasons, the Plaintiff's motion for a temporary restraining order and preliminary injunction is DENIED without prejudice to renewal. SO ORDERED. (Signed by Judge Paul A. Crotty on 7/31/2023) (kv) (Entered: 07/31/2023) |
| 08/01/2023 | | Set/Reset Hearings: Status Conference set for 9/12/2023 at 02:45 PM before Judge Paul A. Crotty. (jca) (Entered: 08/01/2023) |
| 08/15/2023 | 15 | LETTER MOTION for Extension of Time to File Answer *On Consent* addressed to Judge Paul A. Crotty from Thomas Lindeman dated August 15, 2023. Document filed by David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 08/15/2023) |

| | | |
|---|---|---|
| 08/16/2023 | 16 | ORDER granting 15 Letter Motion for Extension of Time to Answer re 15 LETTER MOTION for Extension of Time to File Answer. The requested extension to September 29, 2023 is granted. SO ORDERED. (HEREBY ORDERED by Judge Paul A. Crotty)(Text Only Order) (dgo) (Entered: 08/16/2023) |
| 09/11/2023 | 17 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for Recusal . Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually)..(Bellantoni, Rory) Modified on 9/11/2023 (kj). (Entered: 09/11/2023) |
| 09/11/2023 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Rory J. Bellantoni to RE–FILE Document 17 MOTION for Recusal .. Use the event type Other Filings– Other Documents found under the event list Letter. (kj)** (Entered: 09/11/2023) |
| 09/11/2023 | 18 | LETTER addressed to Judge Paul A. Crotty from Rory J. Bellantoni dated September 11, 2023 re: Request for Recusal. Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually)..(Bellantoni, Rory) (Entered: 09/11/2023) |
| 09/12/2023 | 19 | ORDER: The Court also vacates its Order denying Plaintiff's request for Preliminary Injunction. All hearing dates presently scheduled before the Court are vacated. The Clerk will please assign this case to another judge in this district. SO ORDERED. (Signed by Judge Paul A. Crotty on 9/12/2023) (ama) Transmission to Office of the Clerk of Court for processing. Modified on 9/12/2023 (ama). (Entered: 09/12/2023) |
| 09/12/2023 | | Transmission to Case Assignment Clerk. Transmitted re: 19 Order,, to the Case Assignment Clerk for preparation of notice of case assignment/reassignment. (ama) (Entered: 09/12/2023) |
| 09/12/2023 | | NOTICE OF CASE REASSIGNMENT to Judge Valerie E. Caproni. Judge Paul A. Crotty is no longer assigned to the case. (tro) (Entered: 09/12/2023) |
| 09/12/2023 | 20 | ORDER IT IS HEREBY ORDERED that not later than Monday, September 18, 2023, the parties must file a joint letter, not to exceed five pages, regarding the current status of DOE's reimbursement of Plaintiff for costs incurred during the 2022–2023 school year that it has been ordered to pay; the current status of Plaintiff's due process complaint for the 2023–2024 school year; and the extent to which Plaintiff still requests emergency relief. SO ORDERED. (Signed by Judge Valerie E. Caproni on 9/12/2023) (jca) Modified on 9/26/2023 (jca). (Entered: 09/12/2023) |
| 09/18/2023 | 21 | STATUS REPORT. Document filed by David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 09/18/2023) |
| 09/19/2023 | 22 | MEMO ENDORSEMENT on re: 21 Status Report filed by David C. Banks, New York City Department of Education. ENDORSEMENT: Not later than Monday, October 2, 2023, the parties must submit a joint letter, not to exceed three pages, further updating the court on (1) the status of reimbursement of related services, other than nursing services, and (2) the status of the due process complaint, including whether the IHO has filed a Pendency Order. Until the Court receives the joint letter, Plaintiff's motion for emergency relief, Dkts. 7–9, is held in abeyance. Further, if Plaintiff wishes to file an amended complaint, the Court directs them to the Undersigned's Individual Practice 4(F). SO ORDERED. (Signed by Judge Valerie E. Caproni on 9/19/2023) (tg) (Entered: 09/19/2023) |
| 10/02/2023 | 23 | JOINT LETTER addressed to Judge Valerie E. Caproni from Rory J. Bellantoni dated October 2, 2023 re: Status Update. Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually)..(Bellantoni, Rory) (Entered: 10/02/2023) |
| 10/03/2023 | 24 | MEMO ENDORSEMENT on re: 23 Letter, filed by Jennie Landsman. ENDORSEMENT: Not later than Monday, October 30, 2023, the parties must submit a joint letter, not to exceed three pages, providing a status update on reimbursement and the due process complaint. Until the Court receives the joint letter, Plaintiff's motion for emergency relief, Dkts. 7–9, is held in abeyance. SO ORDERED. (Signed by Judge Valerie E. Caproni on 10/3/2023) (tg) (Entered: 10/03/2023) |

| 10/30/2023 | 25 | STATUS REPORT. Document filed by David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 10/30/2023) |
|---|---|---|
| 10/30/2023 | 26 | **FILING ERROR – DEFICIENT PLEADING – FRCP RULE 15 NON–COMPLIANCE –**FIRST AMENDED COMPLAINT amending 1 Complaint, against David C. Banks, New York City Department of Education.Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually). Related document: 1 Complaint,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Albert, Peter) Modified on 10/31/2023 (vf). (Entered: 10/30/2023) |
| 10/31/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Peter Glenn Albert re: Document No. 26 Amended Complaint. The filing is deficient for the following reason(s): the order granting permission to file the pleading was not attached; Court's leave has not been granted.. File the Exhibit to Pleading event found under the event list Other Documents and attach either opposing party's written consent or Court's leave. (vf)** (Entered: 10/31/2023) |
| 10/31/2023 | 27 | **FILING ERROR DEFICIENT PLEADING – PDF ERROR –** FIRST AMENDED COMPLAINT amending 26 Amended Complaint, 1 Complaint, against David C. Banks, New York City Department of Education.Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually). Related document: 26 Amended Complaint, 1 Complaint,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit Court Order Granting Leave to Amend).(Albert, Peter) Modified on 11/1/2023 (jgo). (Entered: 10/31/2023) |
| 10/31/2023 | 28 | MEMO ENDORSEMENT on re: 25 Status Report filed by David C. Banks, New York City Department of Education. ENDORSEMENT: As Plaintiffs have received a pendency order from the Impartial Hearing Officer in their ongoing due process proceeding, Plaintiffs' request for emergency relief to obtain such an order is DENIED as moot. Per the parties' October 2 joint letter, Dkt. 23, the parties have consented to the filing of an amended complaint and a 30–day extension of Defendants' deadline to answer the First Amended Complaint. Plaintiff must file a clean version of the First Amended Complaint via ECF not later than Thursday, November 2, 2023. Defendants' deadline to answer or otherwise respond to the First Amended Complaint is extended from Monday, November 20, 2023, to Wednesday, December 20, 2023. The Court will set a date for an Initial Pretrial Conference by separate order. SO ORDERED. ( Amended Pleadings due by 11/2/2023.) (Signed by Judge Valerie E. Caproni on 10/31/2023) (tg) (Entered: 10/31/2023) |
| 10/31/2023 | 29 | FIRST AMENDED COMPLAINT amending 27 Amended Complaint, 26 Amended Complaint, 1 Complaint, against David C. Banks, New York City Department of Education.Document filed by Jennie Landsman(as Parent and Natural Guardian of E.D., a minor), Jennie Landsman(Individually). Related document: 27 Amended Complaint, 26 Amended Complaint, 1 Complaint,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Albert, Peter) (Entered: 10/31/2023) |
| 11/01/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Peter Glenn Albert. The party information for the following party/parties has been modified: Jennie Landsman as Parent and Natural Guardian of E.D., a minor. The information for the party/parties has been modified for the following reason/reasons: party text contained a typographical error;. (jgo)** (Entered: 11/01/2023) |
| 11/02/2023 | 30 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Initial Conference set for 1/5/2024 at 10:00 AM in Courtroom 443, 40 Centre Street, New York, NY 10007 before Judge Valerie E. Caproni. (Signed by Judge Valerie E. Caproni on 11/2/2023) (tg) (Entered: 11/02/2023) |
| 12/01/2023 | 31 | ANSWER to 29 Amended Complaint,. Document filed by David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 12/01/2023) |
| 12/28/2023 | 32 | STATUS REPORT. Document filed by David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 12/28/2023) |
| 01/02/2024 | 33 | MEMO ENDORSEMENT on re: 32 Status Report filed by David C. Banks, New York City Department of Education. ENDORSEMENT: Application GRANTED. The Initial Pretrial Conference scheduled for January 5, 2024, at 10:00 A.M. is CANCELED. Plaintiffs' motion for summary judgment is due no later than Friday, |

| | | |
|---|---|---|
| | | March 1, 2024. Defendants' cross–motion for summary judgment is due no later than Monday, April 1, 2024. Plaintiffs' response is due no later than Tuesday, April 30, 2024. Defendants' reply is due no later than Tuesday, May 14, 2024. Given the parties' generous briefing schedule, the Court is highly unlikely to grant extensions absent extraordinarily good cause. SO ORDERED. ( Cross Motions due by 4/1/2024., Motions due by 3/1/2024., Responses due by 4/30/2024, Replies due by 5/14/2024.) (Signed by Judge Valerie E. Caproni on 1/2/2024) (tg) (Entered: 01/02/2024) |
| 02/28/2024 | 34 | LETTER addressed to Judge Valerie E. Caproni from Rory J. Bellantoni dated February 28, 2024 re: Filing certified administrative record. Document filed by Jennie Landsman(as Parent and Natural Guardian of J.L.), Jennie Landsman(Individually)..(Bellantoni, Rory) (Entered: 02/28/2024) |
| 02/28/2024 | 35 | ***SELECTED PARTIES*** LETTER addressed to Judge Valerie E. Caproni from Rory J. Bellantoni dated February 28, 2024 re: Certified administrative record filed under seal. Document filed by New York City Department of Education, Jennie Landsman(as Parent and Natural Guardian of J.L.), David C. Banks, Jennie Landsman(Individually). (Attachments: # 1 Exhibit Certified Record Part 1, # 2 Exhibit Certified Record Part 2, # 3 Exhibit Certified Record Part 3, # 4 Exhibit Certified Record Part 4, # 5 Exhibit Certified Record Part 5, # 6 Exhibit Certified Record Part 6, # 7 Exhibit Certified Record Part 7, # 8 Exhibit Certified Record Part 8, # 9 Exhibit Certified Record Part 9, # 10 Exhibit Certified Record Part 10, # 11 Exhibit Certified Record Part 11, # 12 Exhibit Certified Record Part 12, # 13 Exhibit Certified Record Part 13, # 14 Exhibit Certified Record Part 14, # 15 Exhibit Certified Record Part 15, # 16 Exhibit Certified Record Part 16, # 17 Exhibit Certified Record Part 17, # 18 Exhibit Certified Record Part 18, # 19 Exhibit Certified Record Part 19)Motion or Order to File Under Seal: 34 .(Bellantoni, Rory) (Entered: 02/28/2024) |
| 03/01/2024 | 36 | MOTION for Summary Judgment . Document filed by Jennie Landsman(as Parent and Natural Guardian of J.L.), Jennie Landsman(Individually)..(Bellantoni, Rory) (Entered: 03/01/2024) |
| 03/02/2024 | 37 | RULE 56.1 STATEMENT. Document filed by Jennie Landsman(as Parent and Natural Guardian of J.L.), Jennie Landsman(Individually)..(Bellantoni, Rory) (Entered: 03/02/2024) |
| 03/04/2024 | 38 | LETTER MOTION for Extension of Time *Request for nunc pro tunc extension to file plaintiffs brief in support of motion for summary judgment* addressed to Judge Valerie E. Caproni from Rory J. Bellantoni dated March 4, 2024. Document filed by Jennie Landsman(as Parent and Natural Guardian of J.L.), Jennie Landsman(Individually)..(Bellantoni, Rory) (Entered: 03/04/2024) |
| 03/04/2024 | 39 | ORDER granting 38 Letter Motion for Extension of Time. Application GRANTED. Plaintiff's deadline to file its memorandum of law in support of its motion to dismiss is extended nunc pro tunc from Friday, March 1, 2024, to Monday, March 4, 2024. The Court notes that this is Mr. Bellantoni's second request to the Undersigned for a nunc pro tunc extension to file a memorandum in only a few months. See also Fiallos v. Banks, 23–cv–9824–VEC, Dkt. 23 at 1 n.1. The Court expects Plaintiff's counsel to make his extension requests before the deadline passes. Per the Undersigned's Individual Practices 2(C), all requests for adjournment or extensions of time must be made at least 48 hours prior to the original due date, absent an emergency. Plaintiff's counsel is admonished that any future extension or adjournment requests made in violation of the Undersigned's Individual Practices may be denied on that basis alone. SO ORDERED. Motions due by 3/4/2024. (Signed by Judge Valerie E. Caproni on 3/4/2024) (tg) (Entered: 03/04/2024) |
| 03/04/2024 | 40 | MEMORANDUM OF LAW in Support re: 36 MOTION for Summary Judgment . . Document filed by Jennie Landsman(as Parent and Natural Guardian of J.L.), Jennie Landsman(Individually)..(Bellantoni, Rory) (Entered: 03/04/2024) |
| 04/01/2024 | 41 | RESPONSE re: 37 Rule 56.1 Statement . Document filed by David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 04/01/2024) |
| 04/01/2024 | 42 | CROSS MOTION for Summary Judgment . Document filed by David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 04/01/2024) |

| 04/01/2024 | 43 | MEMORANDUM OF LAW in Support re: 42 CROSS MOTION for Summary Judgment . . Document filed by David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 04/01/2024) |
| --- | --- | --- |
| 05/01/2024 | 44 | NOTICE OF APPEARANCE by Ataur Raquib on behalf of Jennie Landsman(as Parent and Natural Guardian of J.L.), Jennie Landsman(Individually)..(Raquib, Ataur) (Entered: 05/01/2024) |
| 05/01/2024 | 45 | MEMORANDUM OF LAW in Opposition re: 42 CROSS MOTION for Summary Judgment . *and Reply in Further Support of Plaintiffs' Motion for Summary Judgement*. Document filed by Jennie Landsman(as Parent and Natural Guardian of J.L.), Jennie Landsman(Individually)..(Raquib, Ataur) (Entered: 05/01/2024) |
| 05/14/2024 | 46 | REPLY MEMORANDUM OF LAW in Support re: 42 CROSS MOTION for Summary Judgment . . Document filed by David C. Banks, New York City Department of Education..(Lindeman, Thomas) (Entered: 05/14/2024) |
| 06/05/2024 | 47 | ORDER: IT IS HEREBY ORDERED that, by not later than Monday, June 10, 2024, Plaintiff must file the complete administrative record on the docket. The record may be filed under seal to protect Student J.L.'s identifying information. SO ORDERED. (Signed by Judge Valerie E. Caproni on 6/5/2024) (tg) (Entered: 06/05/2024) |
| 06/05/2024 | 48 | ***SELECTED PARTIES*** LETTER addressed to Judge Valerie E. Caproni from Rory J. Bellantoni dated June 5, 2024 re: Certified Administrative Record filed under seal. Document filed by New York City Department of Education, Jennie Landsman(as Parent and Natural Guardian of J.L.), David C. Banks, Jennie Landsman(Individually). (Attachments: # 1 Exhibit Certified Record Part 1, # 2 Exhibit Certified Record Part 2, # 3 Exhibit Certified Record Part 3, # 4 Exhibit Certified Record Part 4, # 5 Exhibit Certified Record Part 5, # 6 Exhibit Certified Record Part 6, # 7 Exhibit Certified Record Part 7, # 8 Exhibit Certified Record Part 8, # 9 Exhibit Certified Record Part 9, # 10 Exhibit Certified Record Part 10, # 11 Exhibit Certified Record Part 11, # 12 Exhibit Certified Record Part 12, # 13 Exhibit Certified Record Part 13, # 14 Exhibit Certified Record Part 14, # 15 Exhibit Certified Record Part 15, # 16 Exhibit Certified Record Part 16)Motion or Order to File Under Seal: 47 .(Bellantoni, Rory) (Entered: 06/05/2024) |
| 07/31/2024 | 49 | OPINION & ORDER re: 42 CROSS MOTION for Summary Judgment . filed by David C. Banks, New York City Department of Education, 36 MOTION for Summary Judgment . filed by Jennie Landsman. For these reasons, Plaintiff has failed to show that any further reimbursement is warranted or that she is entitled to a publicly–funded IEE. Accordingly, Defendants' Cross–Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED. The Clerk of Court is respectfully directed to terminate all pending motions and deadlines and to close this case. SO ORDERED. (Signed by Judge Valerie E. Caproni on 7/31/2024) (ks) Transmission to Orders and Judgments Clerk for processing. (Entered: 07/31/2024) |
| 07/31/2024 | 50 | CLERK'S JUDGMENT re: 49 Opinion & Order. in favor of New York City Department of Education, David C. Banks against Jennie Landsman.It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated July 31, 2024, Plaintiff has failed to show that any further reimbursement is warranted or that she is entitled to a publicly–funded IEE. Accordingly, Defendants' Cross–Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED; accordingly, the case is closed. (Signed by Acting Clerk of Court Daniel Ortiz on 7/31/2024) (Attachments: # 1 Notice of Right to Appeal) (nd) (Entered: 07/31/2024) |
| 08/28/2024 | 51 | NOTICE OF APPEAL from 49 Memorandum & Opinion,, 50 Clerk's Judgment,,. Document filed by Jennie Landsman(as Parent and Natural Guardian of J.L.), Jennie Landsman(Individually). Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Bellantoni, Rory) Modified on 8/28/2024 (km). (Entered: 08/28/2024) |
| 08/28/2024 | | Appeal Fee Due: for 51 Notice of Appeal. Appeal fee due by 9/11/2024.(km) (Entered: 08/28/2024) |
| 08/28/2024 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 51 Notice of Appeal.(km) (Entered: 08/28/2024) |

| 08/28/2024 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for <u>51</u> Notice of Appeal, filed by Jennie Landsman were transmitted to the U.S. Court of Appeals.(km) (Entered: 08/28/2024) |

Case 1:23-cv-06404-VEC   Document 49   Filed 07/31/24   Page 1 of 13

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/31/2024___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JENNIE LANDSMAN, *as Parent and Natural*          :
*Guardian of J.L. and Individually*,              :
                                    Plaintiff,    :
                                                  :
                                                  :
          -v.-                                    :
                                                  :          23-CV-6404 (VEC)
                                                  :
DAVID C. BANKS, *in his Official Capacity as*     :          <u>OPINION & ORDER</u>
*Chancellor of the New York City Department of*   :
*Education*, and NEW YORK CITY                     :
DEPARTMENT OF EDUCATION,                           :
                                                  :
                                    Defendants.   :

------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Jennie Landsman brought this case under the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. § 1400 *et seq.*, seeking reimbursement from the New York City

Department of Education ("DOE") for private school tuition, related services, and an

Independent Educational Evaluation ("IEE") for her child, J.L.[1]  The parties cross-moved for

summary judgment.  For the reasons that follow, Plaintiff's motion for summary judgment is

DENIED, and Defendants' cross-motion for summary judgment is GRANTED.

## BACKGROUND

J.L. is a student with Canavan disease, a rare brain disorder that impairs motor function.

Landsman Mem., Dkt. 40 at 4.  During the 2020-21 and 2021-22 school years ("SYs"), J.L. was

enrolled in a private preschool for students with special needs as recommended in his

Individualized Education Program ("IEP").  SRO Decision, Dkt. 29-2 at 3.  Plaintiff concluded

---

[1]     Plaintiff also requested an order that J.L. has a pendency placement at iBRAIN.  *See* Amend. Compl., Dkt.
29 ¶¶ 86–90.  That request is moot as J.L. already has pendency at that school.  *See* Order, Dkt. 28 (denying request
for emergency pendency order as moot).

that the DOE was not fully meeting J.L.'s needs; she unilaterally obtained a variety of related

services, such as occupational, physical, speech, and aquatic therapies, even though some of

those therapies were duplicative of those already provided by his school and others were neither

prescribed by a doctor nor recommended in J.L.'s IEP.  IHO Decision, Dkt. 29-1 at 10.  In

February 2022, Plaintiff unilaterally placed J.L. in the International Academy for the Brain

("iBRAIN") for the remainder of the 2021-22 SY.[2]  SRO Decision at 3.  In April 2022, the DOE

convened a Committee on Special Education ("CSE") to develop an IEP for J.L. for the 2022-23

SY.  *Id.*  Plaintiff rejected the proposed IEP and re-enrolled J.L. at iBRAIN for the 2022-23 SY.

*Id.* at 4.

In October 2022, Plaintiff filed a Due Process Complaint ("DPC").  Amend. Compl., Dkt.

29 ¶ 32.  In the DPC, Plaintiff alleged that DOE had failed to provide J.L. with a free appropriate

public education ("FAPE") for the 2020-21, 2021-22, and 2022-23 SYs and argued that failure

warranted reimbursement of the cost of J.L.'s education at iBRAIN and related services.  Admin.

Record, Dkt. 48 at R 105, 110.  Prior to the DPC, the last DOE evaluation of J.L. had occurred in

approximately August 2020.  SRO Decision at 24.  Although Plaintiff had never indicated that

she disagreed with any DOE evaluation, Plaintiff requested public funding for an IEE in the

DPC.  IHO Decision at 12; Admin. Record at R 111.

The Impartial Hearing Officer ("IHO") concluded that DOE had denied J.L. a FAPE for

the 2020-21, 2021-22, and 2022-23 SYs; that iBRAIN was an appropriate unilateral placement

for J.L.; and that equitable considerations favored reimbursing Plaintiff for J.L.'s tuition and

related services for the 2022-23 SY.  IHO Decision at 13.  As to the 2021-22 SY, the IHO denied

tuition reimbursement because there was no evidence in the record that Plaintiff had provided

---

[2]      Plaintiff signed a contract to enroll J.L. at iBRAIN on February 4, 2022, and he began attending that school
on February 8, 2022.  SRO Decision at 3.

DOE with the requisite ten-day written notice before unilaterally placing J.L. at iBRAIN. *Id.* at

9. During the hearing, the IHO specifically asked Plaintiff whether she had evidence that she

provided the required notice prior to the unilateral placement. Plaintiff (1) requested permission

to submit a written argument for why she should be reimbursed and (2) testified that she orally

notified the director of J.L.'s then-current school two weeks before she enrolled him at iBRAIN.

*Id.* at R 384, 411. Because Plaintiff provided no evidence that written notice had been given to

DOE and did not show why that failure should be excused, the IHO denied the request for tuition

reimbursement for the 2021-22 SY. IHO Decision at 9. The IHO also denied Plaintiff's request

for reimbursement of the unilaterally-obtained related services for the 2020-21 and 2021-22 SYs

because the record lacked sufficient evidence to support the claim, the IHO did not find

Plaintiff's testimony to be credible, and there was inadequate support in the record to show that

all of the services were appropriate to meet J.L.'s needs.[3] *Id.* at 9–10. Finally, the IHO denied

Plaintiff's request for a publicly-funded IEE because she had never previously articulated any

disagreement with any specific DOE evaluation. *Id.* at 12.

Plaintiff appealed those denials to the Office of State Review. *See* SRO Decision at 1.

The State Review Officer ("SRO") largely affirmed the IHO's decision.[4] *Id.* at 25. As is

relevant here, the SRO affirmed the IHO's denial of tuition reimbursement for the 2021-22 SY

because Plaintiff did not provide the IHO with proof that she had provided DOE the required ten-

---

[3]     The IHO granted Plaintiff's request for reimbursement of the costs of occupation, physical, speech and language, and music therapies, as well as vision education services, assistive technology services, and transportation services for the 2022-23 SY. *See* IHO Decision at 13–14. The IHO noted that although he had reopened the hearing record at Plaintiff's request for her to testify regarding the related services obtained during the 2021-22 SY, he found Plaintiff's testimony not to be credible, and, further, no receipts or invoices were provided for such services. *Id.* at 10.

[4]     The SRO modified the IHO's order in part to require DOE to pay the full cost of J.L.'s transportation for the 2022-23 SY, *see* SRO Decision at 26; that portion of the SRO's decision is not at issue in this case. DOE cross-appealed certain issues to the SRO; DOE's cross-appeal was denied by the SRO. *Id.* at 12–13. That portion of the SRO decision is also not at issue in this case.

day written notice of unilateral placement prior to enrolling J.L. at iBRAIN.  *Id.* at 22.  In her

appeal to the SRO, Plaintiff sought to introduce a letter that purportedly provided DOE with the

required notice.  *Id.* at 20.  She represented that the letter had "inadvertently" not been disclosed

as part of the original record.  *Id.*  The SRO refused to consider the letter because, although it

was available at the time of the IHO hearing, Plaintiff inexcusably failed to submit it.  *Id.* at 21.

The SRO also affirmed the IHO's denial of reimbursement for additional services that Plaintiff

unilaterally obtained during the 2020-21 and 2021-22 SYs.  *Id.* at 15.  Finally, the SRO affirmed

the IHO's denial of an IEE at public expense.  *Id.* at 25.

    Plaintiff appealed the SRO's decision to this Court, and the parties have cross-moved for

summary judgment.  *See* Landsman Mem., Dkt. 40; Banks Mem., Dkt. 43.  Prior to cross-

moving for summary judgment, the parties agreed to rely exclusively on the administrative

record.  Status Report, Dkt. 32 at 2.

## DISCUSSION

### I.    Standard of Review

    The District Court reviews decisions of the IHO and SRO under a modified *de novo*

standard.  Courts must "defer to the IHO's and SRO's determinations regarding procedural as

well as substantive issues."  *B.D. v. Eldred Cent. Sch. Dist.*, 661 F. Supp. 3d 299, 317, 320

(S.D.N.Y. 2023) (quotation omitted) (declining to disturb the SRO's evidentiary rulings).

Although the District Court reviews the record itself, it must also take the administrative

proceedings' conclusions into consideration, "mindful that the judiciary generally lacks the

specialized knowledge and experience necessary to resolve persistent and difficult questions of

educational policy."  *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009) (quoting

*A.C. ex rel. M.C. v. Bd. Of Educ.*, 553 F.3d 165, 171 (2d Cir. 2009)).  Although courts may reach

their own legal conclusions, they must not "substitute their own notions of sound educational policy for those of the school authorities which they review." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206 (1982). Because of these limitations, "the role of the federal courts in reviewing state educational decisions under the IDEA is circumscribed." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007) (quotation omitted). Furthermore, "where the SRO and IHO agree, deference to the conclusions of the administrators . . . is particularly appropriate." *C.W. v. City Sch. Dist. of the City of N.Y.*, 171 F. Supp. 3d 126, 131 (S.D.N.Y. 2016) (quotation omitted). "The IHO's, and even more so, the SRO's, evaluation of [] evidence is entitled to deference." *M.M. v. N.Y.C. Dep't of Educ.*, No. 15-CV-5846, 2017 WL 1194685, at *7 (S.D.N.Y. Mar. 30, 2017) (affirming the IHO and SRO's refusal to consider submitted evidence).

## II.     The Court Affirms the SRO's Decision Not To Consider Plaintiff's Untimely Evidence of Purported Ten-Day Notice

The IHO denied reimbursement for the cost of J.L.'s tuition at iBRAIN for the 2021-22 SY because the record lacked evidence that written notice had been given to DOE ten business days prior to Plaintiff unilaterally placing J.L. at iBRAIN. IHO Decision at 9; *see also* 20 U.S.C. §§ 1412(a)(10)(C)(iii)(I)(aa)–(bb) (stating that reimbursement may be reduced or denied if parents do not provide notice of the unilateral placement either at the most recent IEP meeting prior to their removal of the student from public school or by written notice ten business days before such removal). Plaintiff claims that she inadvertently omitted this evidence from what she presented to the IHO and sought admission of the purported written ten-day notice as additional evidence on appeal to the SRO. Landsman Mem. at 6.

The SRO did not err in denying that request. Plaintiff's inexplicable failure to submit this evidence during the IHO hearing barred her from taking another bite at the apple. Plaintiff was

well aware that evidence of written notice was required at the IHO hearing because she submitted such evidence for the 2022-23 SY.  IHO Decision at 9.  Plaintiff was also represented at the IHO hearing by lawyers who are well-versed in the requirements for reimbursement of tuition following a unilateral placement.  *See, e.g.*, *Mondano v. Banks*, No. 22-CV-7519, 2024 WL 1363583, at *3 (S.D.N.Y. Mar. 30, 2024) ("[The student]'s parents, through counsel from the Brain Injury Rights Group, sent the DOE a letter, captioned 'Ten Day Notice/Updated Notice of Placement.'"); *Melendez v. Porter*, No. 21-CV-579, 2023 WL 4362557, at *5 (E.D.N.Y. July 6, 2023) ("[The parent's] attorney [Brain Injury Rights Group] sent a ten-day notice notifying the DOE of plaintiff's intention to unilaterally place [student] at iBrain.").  Further, the IHO asked Plaintiff numerous times whether evidence of written notice existed, and Plaintiff failed to provide an affirmative answer.  *See* Admin. Record at R 383–386, 411.  Thus, Plaintiff's argument that the failure to submit such evidence was an "inadvertent" mistake is belied by the record.  Because the SRO's decision to exclude the belatedly-proffered evidence is entitled to deference, *M.M.*, 2017 WL 1194685 at *7, the Court holds that the SRO did not err in refusing to allow Plaintiff to submit new evidence.

Even if the SRO had erred in rejecting Plaintiff's new evidence, it would be harmless error because the proffered letter does not show that Plaintiff gave ten-day notice.  The purported notice was provided as an attachment to Plaintiff's appeal to the SRO.  *See* Admin. Record at R 70.  That attachment shows that, on February 2, 2022, Plaintiff's current counsel (which also represented her at the IHO and SRO) gave written notice to DOE of Plaintiff's planned unilateral placement of J.L. at iBRAIN.[5]  Assuming the letter is genuine and was actually sent to DOE on the date of the letter, it would still not prove that the ten-day notice requirement was met.  The

---

[5]    The fact that the letter was purportedly sent by Plaintiff's counsel but not provided to the IHO is inexplicable.

letter was dated February 2, 2022, *see id.*; Plaintiff signed an enrollment contract with iBRAIN

on February 4, 2022, *see id.* at R 135–42; and J.L. enrolled at iBRAIN on February 8, 2022, *see*

*id.* at R 162.  At best, the proffered evidence shows four business days' notice.

### III.    Plaintiff's Request to Admit Additional Evidence Regarding Her Related Services Claim Is Denied

Section 1415(i)(2)(C) of the IDEA provides that "the [district] court (i) shall receive the

records of the administrative proceedings; (ii) shall hear additional evidence at the request of a

party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as

the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C).  Although the statute is worded

broadly and provides that courts "shall hear additional evidence at the request of a party," 20

U.S.C. § 1415(i)(2)(C)(ii), courts have been unwilling to admit additional evidence when

fairness and other equitable considerations cut against doing so.  *See, e.g.*, *M.B. v. N.Y.C. Dep't*

*of Educ.*, No. 14-CV-3455, 2015 WL 6472824, at *2 (S.D.N.Y. Oct. 27, 2015) ("[A] lenient

standard for additional evidence would have the consequence of making the whole IDEA process

more time consuming, as parties scrambled to use the federal court proceeding to patch up holes

in their administrative case." (quotation omitted)).  The Second Circuit has not yet addressed the

standard for admitting additional evidence on appeal from the SRO.  In the absence of

controlling precedent from the Second Circuit, many district courts within this Circuit have

adopted the approach established by the First Circuit.  *See L.V. v. Rye City Sch. Dist.*, No. 22-

CV-4255, 2023 WL 5744421, at *2 (S.D.N.Y. Sept. 6, 2023) (explaining that the First Circuit

approach has been used by district courts within the Second Circuit and other circuits).

The First Circuit begins with a "rebuttable presumption" against admission of evidence

that was not presented during the administrative proceedings.  *M.B.*, 2015 WL 6472824, at *2

(citation omitted).  In determining whether a party has overcome the presumption, courts must

"weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Town of Burlington v. Dep't of Educ. for Com. Of Mass.*, 736 F.2d 773, 791 (1st Cir. 1984); *M.B.*, 2015 WL 6472824, at *3 (applying the rebuttable presumption approach and concluding that the plaintiff's explanation "d[id] not justify a belated exercise in filling perceived gaps in the administrative record").

Here, the IHO and SRO denied reimbursement for related services because Plaintiff did not show that the services were appropriate for J.L.'s needs, nor did she provide sufficient evidence justifying the amount of her requested reimbursement. *See* IHO Decision at 10; SRO Decision at 18–19. Plaintiff now asserts that she has a comprehensive Dropbox folder of receipts that she wants to admit as additional evidence in support of her related services claim. Landsman Mem. at 21.

Plaintiff had every opportunity to submit receipts during the administrative proceeding. Even after Plaintiff indicated that she had submitted all of her evidence, the IHO reopened the record for evidence relevant to related services. Admin. Record at R 390. Plaintiff used that opportunity to provide sloppy approximations of the services provided and her expenditures for those services. *See id.* at R 390–96, 406–07. To the extent Plaintiff actually has receipts, that was her opportunity to submit them. Plaintiff's assertion that documentary evidence exists in a "Dropbox" of documents does not overcome the rebuttable presumption against supplementing the record with new evidence.

Plaintiff's actions in this court further weigh against allowing her to supplement the record with additional evidence. Just two months before filing her motion for summary

judgment, Plaintiff represented to the Court that "[n]o discovery will be necessary in this matter," and she agreed that "the parties will rely on the underlying administrative record." Status Report at 2. If she wanted the Court to consider her "Dropbox" of documents, she could have and should have informed the Court that discovery was required so that she could produce the additional documents for the DOE and the Court to consider. Instead, she first raised the issue of the Court considering these documents in her motion for summary judgment. Landsman Mem. at 21. Beyond that, her belated request does not even include the proposed exhibits she would like the Court to consider. As of this writing, the Court does not know whether any such receipts actually exist or whether, assuming they do exist, they are at all relevant to assessing Plaintiff's claims. The Court declines to open the record to consider any additional evidence.

## IV.    Plaintiff is Not Entitled to Reimbursement for Tuition or Related Services

To determine whether a parent is entitled to reimbursement under the IDEA, the Court uses a three-prong test: "(1) whether the school district's proposed plan will provide the child with a free appropriate public education; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities." *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 76 (2d Cir. 2014) (citing *Frank G. v. Bd. of Educ. of Hyde Park*, 459 F.3d 356, 363 (2d Cir. 2006)). "The first two prongs of the test generally constitute a binary inquiry that determines whether or not relief is warranted, while the third enables a court to determine the appropriate amount of reimbursement, if any." *A.P. v. N.Y.C. Dep't of Educ.*, No. 22-2636, 2024 WL 763386, at *2 (2d Cir. 2024). Even if a plaintiff is entitled to reimbursement, "courts retain discretion to reduce the amount of a reimbursement award if the equities so warrant—for instance, if the parents failed to give the school district adequate notice

of their intent to enroll the child in private school." *Forest Grove Sch. Dist. v. T.A.*, 557 U.S.

230, 247 (2009).

### A. The Equities Weigh Against Reimbursement of Tuition for the 2021-22 School Year

Defendants do not challenge the decision that the DOE denied J.L. a FAPE during the

2021-22 SY or that iBRAIN is an appropriate placement for him.  Plaintiff's claim for tuition

reimbursement, therefore, hinges upon the third prong of the reimbursement standard: the

equities.  Plaintiff argues that the equities weigh in her favor because DOE failed to provide a

FAPE and the denial of a FAPE was so "egregious" that it justifies reimbursement.  Landsman

Mem. at 13–15.  Plaintiff's argument conflates the first and third prongs of the relevant test.  It is

true that DOE failed to provide J.L. a FAPE and that denial resolves the first prong in Plaintiff's

favor.  That said, the first prong must be weighed against the third, under which courts typically

assess the reasonableness of the parents' actions.  *Compare*, *e.g.*, *C.L. v. Scarsdale Union Free*

*Sch. Dist.*, 744 F.3d 826, 840 (2d Cir. 2014) (holding that the equities weighed in favor of

reimbursement because the parents cooperated with the District in its efforts to meet its IDEA

obligations) *with Bettinger v. N.Y.C. Bd. of Educ.*, No. 06-CV-6889, 2007 WL 4208560, at *9

(S.D.N.Y. Nov. 20, 2007) (holding that the equities weighed against reimbursement because the

parents unreasonably failed to cooperate during the student's placement process); *see also* 20

U.S.C. § 1412(a)(10)(C)(iii)(III) ("The cost of reimbursement . . . may be reduced or denied

upon a judicial finding of unreasonableness with respect to actions taken by the parents.").

Here, the equities weigh against Plaintiff because she did not act reasonably.  She

unilaterally enrolled J.L. in iBRAIN without the required written notice.  As discussed above,

Plaintiff was aware that written notice was required but failed to give such notice in a timely way

(if at all).  Plaintiff undermined judicial efficiency by failing to present evidence that she

allegedly possessed during the IHO hearing and then attempting to introduce the evidence before

the SRO after the record was fully developed.  Plaintiff's actions when unilaterally enrolling J.L.

at iBRAIN and throughout the administrative and court proceedings have been unreasonable;

accordingly, the equities weigh against her.

The Court affirms the IHO's and SRO's denial of tuition reimbursement for the 2021-22

SY.

### B.  Plaintiff Is Not Entitled to Reimbursement for Related Services

Plaintiff's claim for reimbursement of related services hinges upon the second and third

prongs of the relevant test: whether the services were appropriate for J.L.'s needs and whether

the equities tilt in her direction.  Plaintiff has not shown that the services for which she is seeking

reimbursement were "appropriate to the child's needs."  *C.F.*, 746 F.3d at 76 (citation omitted).

The IDEA guarantees an "appropriate" education; it does not guarantee "everything that might

be thought desirable by loving parents."  *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119,

132 (2d Cir. 1998) (quoting *Tucker v. Bay Shore Union Free Sch. Dist.*, 873 F.2d 563, 567 (2d

Cir. 1989)).  Some of the services for which Plaintiff is seeking reimbursement, such as Aquatic

Therapy, "were not prescribed by a doctor and not recommended within the student's IEP."  IHO

Decision at 10.  Others were duplicative of services J.L. already obtained at his school.  SRO

Decision at 15.  For all services, Plaintiff testified haphazardly and failed to provide adequate

justification.  *Id.*  Accordingly, Plaintiff has not demonstrated that the services for which she is

seeking reimbursement were appropriate to J.L.'s needs.

As to the third prong, the equities weigh against Plaintiff because she acted unreasonably.

*See, e.g.*, *S.W. v. N.Y.C. Dep't of Educ.*, 646 F. Supp. 2d 346, 364 (S.D.N.Y. 2009) (affirming

administrative decision that the equities weighed against reimbursement because the parent's

actions "evince[d] unreasonable delay and the lack of a good faith effort to cooperate with the

DOE"). Even though Plaintiff claims that she has detailed receipts, she did not submit them to

the IHO, the SRO, or to this Court, and she did not testify credibly to their contents. *See* Admin.

Record at R 390–96; IHO Decision at 10. Even if Plaintiff had adequately demonstrated that the

additional services were appropriate for J.L. and had presented evidence showing what she paid,

there is also no evidence that Plaintiff provided the district with the required ten-day notice that

she intended, unilaterally, to obtain these services. SRO Decision at 15.

Because Plaintiff's actions have been unreasonable, the equities weigh against her, and

the Court affirms the SRO's decision to deny reimbursement for related services.

### V.   Plaintiff is Not Entitled to Funding for an IEE Because There Is No Evidence that She Disagrees with a Specific District Evaluation

The IDEA establishes a parent's right to obtain at public expense an IEE for their child.

20 U.S.C. § 1415(b)(1). The implementing regulation, 34 C.F.R. § 300.502, provides that "[a]

parent is entitled to only one independent educational evaluation at public expense each time the

public agency conducts an evaluation with which the parent disagrees." 34 C.F.R.

§ 300.502(b)(5). Thus, in order to be entitled to an IEE at public expense, the Plaintiff must

show that she disagreed with the district's evaluation. *See K.B. v. Pearl River Union Free Sch.

Dist.*, No. 10-CV-9170, 2012 WL 234392, at *5 (S.D.N.Y. Jan. 13, 2012) (holding that "a

prerequisite for an IEE is a disagreement with a specific evaluation conducted by the district").

The IHO noted that "the record is devoid of testimony or evidence of any actual dispute

regarding evaluations" by the DOE. IHO Decision at 12. Because Plaintiff only claims vaguely

that she disagrees with an "unspecified district evaluation," she is not legally entitled to public

funding for an IEE. SRO Decision at 24. The Court affirms the SRO's decision to deny a

publicly-funded IEE because Plaintiff has made no showing that she disagrees with anything contained in the IEE provided by the DOE.

## CONCLUSION

For these reasons, Plaintiff has failed to show that any further reimbursement is warranted or that she is entitled to a publicly-funded IEE.  Accordingly, Defendants' Cross-Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

The Clerk of Court is respectfully directed to terminate all pending motions and deadlines and to close this case.

**SO ORDERED.**

**Date:  July 31, 2024**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JENNIE LANDSMAN, as Parent and Natural
Guardian of J.L. and Individually,

                    Plaintiff,                        23 **CIVIL** 6404 (VEC)

           -against-                              **<u>JUDGMENT</u>**

DAVID C. BANKS, in his Official Capacity as
Chancellor of the New York City Department of
Education, and NEW YORK CITY
DEPARTMENT OF EDUCATION,

                    Defendants.

------------------------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated July 31, 2024, Plaintiff has failed to show that any

further reimbursement is warranted or that she is entitled to a publicly-funded IEE. Accordingly,

Defendants' Cross-Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for

Summary Judgment is DENIED; accordingly, the case is closed.

**Dated:** New York, New York
       July 31, 2024

                               **DANIEL ORTIZ**

                               **Acting Clerk of Court**

**BY**

                               **Deputy Clerk**

# Addendum "B"

***Proposed Issues to be Raised on Appeal***

1. Whether the District Court erred in denying the Plaintiff's Motion for Summary Judgment under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq. and Fed. R. Civ. P. 56.

2. Whether the District Court erred in failing to reverse SRO decision No. 23-081 to the extent that the SRO found there was an insufficient bases in the hearing record to modify the IHO's discretionary denial of all relief for the time J.L. spent at iBRAIN during the 2020-2021 and 2021-22 ESYs.

3. Whether the District Court erred in failing to Order the Defendants to directly fund the costs of tuition and all related services for the 2020-2021 and 2021-2022 ESYs.

4. Whether the District Court erred in failing to directly fund the costs of J.L.'s Independent Educational Evaluation.

## ***Standard of Review***

The applicable standard of review for this appeal is *de novo*.